PRICE *v.* GRANT, Sheriff.

(*Common Pleas of New York City and County, General Term.* December 30, 1889.)

1. DISTRICT COURTS—JURISDICTION—ACTIONS AGAINST SHERIFF.

In the absence of any statute depriving district courts of jurisdiction in cases where the sheriff is a party, they have jurisdiction in an action against him for the recovery of a chattel; the same being expressly conferred by Code Civil Proc. N. Y. § 3215, providing that each district court of the city of New York has jurisdiction of an action in which a justice of the peace has jurisdiction, as prescribed in sections 1737, 2861–2863, as subdivision 7 of section 2862 gives justices jurisdiction of actions for the recovery of chattels where the value does not exceed $200.

2. SAME—CONSTRUCTION OF STATUTE.

The fact that section 2865, which gives justices' courts jurisdiction in actions against county officers, is not made applicable to district courts, does not deprive the latter of jurisdiction in actions of replevin where a sheriff is a party.

Appeal from district court.

Action by Moses Price against Hugh J. Grant, sheriff of the city and county of New York, to recover possession of certain personal property. Defendant interposed a demurrer that the court had no jurisdiction of the ac-

tion, for that it was against a county officer. From the judgment of the court sustaining the demurrer and dismissing the complaint plaintiff appeals.

Code Civil Proc. N. Y. § 3215, provides that each district court of the city of New York has jurisdiction of an action in which a justice of the peace has jurisdiction, "as prescribed in sections 1737, 2861–2863, of this act," except that subdivision 3 of section 2862, giving justices jurisdiction of an action for a fine or penalty not exceeding $200, and subdivisions 1 and 4 of section 2863, denying to justices jurisdiction where the people of the state are a party, (unless for fines or penalties within $200,) and in actions on mutual accounts where the total amount proven shall exceed $400, shall not apply to actions brought in either of such district courts. Section 2865 confers on justices' courts jurisdiction in actions against county officers, but is not made applicable to district courts.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*Solomon, Kantrowitz & Esberg*, for appellant. *W. Bourke Cockran*, for respondent.

PER CURIAM. An action to recover a chattel falls within the denomination of actions cognizable in a district court, and therefore the court below had jurisdiction of this action unless some statute deprives district courts of jurisdiction in cases in which the sheriff is a party. It was the duty of the defendant to point out the statute that thus limits the jurisdiction of those courts in actions for a chattel. There is no doubt that a district court has only such jurisdiction as is conferred by statute, (section 3215, Code Civil Proc.,) nor is there any doubt that there are certain classes of cases over which the law forbids those courts to exercise jurisdiction, (section 1286, Consolidation Act.) The only persons whom the statute expressly exempts from amenability to the district courts are executors, administrators, and the municipal corporation of the city of New York. Section 1286, just cited. There is no pretense that there is any statute which declares that a district court shall not have jurisdiction of an action against a sheriff. It is said, however, that jurisdiction is not expressly conferred. That, we think, is a mistake. As was said by the supreme court in *Jansen* v. *Stoutenbergh*, 9 Johns. 369, which was an action brought in a justice's court against a sheriff, where the action falls within the denomination of actions cognizable by a justice it may be maintained as well against a sheriff as against any other person, where there is nothing to take away the justice's jurisdiction.

But it is argued that section 2865 of the Code, which expressly confers upon justices' courts jurisdiction of actions against county officers, is not made applicable to district courts; and that, if justices' courts derive their jurisdiction over county officers from that section, then, inasmuch as it does not apply to district courts, there is no provision of law that vests those courts with jurisdiction of actions against those officials. The answer to that argument is plain. It is not by virtue of section 2865 that justices' courts possess jurisdiction in actions against county officers. Why that section was ever inserted in the Code is a mystery, for Mr. Throop, the codifier, says in his note: "This section is probably unnecessary." Section 2863 enumerates the cases in which a justice shall not have jurisdiction, and except in those specified cases he has jurisdiction of all causes of action embraced within the terms of section 2862. Sections 2862 and 2863, taken together, fix the limits of a justice's jurisdiction. Those two sections, coupled with sections 1285 and 1286 of the consolidation act, define the jurisdiction of the district courts; and, as we have already said, there is not in any of them a word that takes a case against the sheriff out of the jurisdiction of a justice's court, or out of the jurisdiction of a district court. The fallacy of the defendant's argument will be clearly seen by taking the following extract from section 2865: "An action cognizable by a justice of the peace may be brought by or against a natural person in his

own right." If the argument of the defendant be sound, then a justice has jurisdiction of an action by or against a natural person because section 2865 confers it upon him; but a district court cannot entertain any action whatever by or against a natural person because the section referred to does not apply to district courts. The futility of that contention is palpable. The judgment must be reversed, and a new trial ordered, with costs to the plaintiff and appellant. In other words, the defendant, conformably to the usual practice in cases of demurrer, may answer over on payment of costs.